IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Michael Patterson, | Civil Action No. 2:22-03183-BHH-MGB |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Bryan Stirling, Charles Williams, John Palmer, Amy Enloe, | |
| Defendants. | |

Plaintiff Michael Patterson ("Plaintiff"), appearing *pro se*, originally filed this action in state court, alleging state law claims and violations of his constitutional rights. (Dkt. No. 1-1.) On September 19, 2022, Defendants removed the action to Federal Court. (Dkt. No. 1.) This matter is now before the Court upon Plaintiff's Motion for a Preliminary Injunction and Temporary Restraining Order. (Dkt. No. 26.) Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration. For the reasons set forth below, the undersigned recommends denying Plaintiff's Motion.

## BACKGROUND

This civil action arises from events that occurred while Plaintiff was an inmate housed at Perry Correctional Institution. (Dkt. No. 1-1.) Plaintiff alleges that when he arrived at Perry, he was housed in D-Dorm. According to Plaintiff, he observed that "the desk sitting writing area was stripped out the room as well as the bed frame and the bed frame was replaced by a five inch concrete slab." (*Id*. at 9.) Additionally, "the room window was completely covered over by sheet metal and that sheet metal completely prevented Plaintiff from viewing any of the natural

1

surroundings," including the sun and sky. (*Id.* at 10.) Plaintiff alleges that he was moved to a different wing in the same building on April 26, 2022, and his new room was in the same condition. Plaintiff alleges that the concrete bed was so low to the ground that it caused greater injury to Plaintiff already suffering from scoliosis." (*Id.*) More specifically, "Plaintiff is forced to sit in the 'V' position," which causes Plaintiff "severe pain and suffering and further injury to scoliosis." (*Id.*)

Plaintiff also alleges he sought help from Defendant "Nurse Practitioner Amy Enloe, informing her of his scoliosis injury worsening and that such conditions were exacerbating his lower back pain and making the problem worse." (*Id.* at 11.) Plaintiff alleges he began having suicidal thoughts due to Defendants' "illegal and grossly negligent acts, deliberate indifference, cruel and unusual punishment, [and] denial of adequate medical care and/or basic needs of civilized life." (*Id.*) Under "legal claims," the Complaint alleges Defendants were grossly negligent under the South Carolina Tort Claims Act ("SCTCA") and that Defendants violated his Eighth Amendment rights by showing deliberate indifference to a prison condition and deliberate indifference to a serious medical need. (*Id.* at 15.)

Plaintiff filed this action on September 19, 2022. (Dkt. No. 1.) On September 26, 2022, Defendants filed a Motion to Dismiss. (Dkt. No. 9.) On October 7, 2022, Plaintiff filed a Motion to Remand. (Dkt. No. 12.) On November 9, 2022, the undersigned issued a Report and Recommendation ("R&R") recommending that the Court grant in part and deny in part Defendants' Motion to Dismiss and deny Plaintiff's Motion to Remand. (Dkt. No. 17.) On November 28, 2022, Plaintiff filed a Motion for Preliminary Injunction and Temporary Restraining Order. (Dkt. No. 26.) Plaintiff seeks a preliminary injunction and temporary restraining order ("TRO") against Defendants "from housing Plaintiff at Perry Correctional Institution" because it

is "the only lock-up in SCDC without bedframes or concrete beds at 5 inch height . . . which is causing even worse harm to the Plaintiff." (*Id.* at 2.) Plaintiff supplemented his Motion with exhibits on several occasions. (Dkt. Nos. 28; 34; 37.) Defendants filed a response in opposition on December 12, 2022 (Dkt. No. 36), to which Plaintiff did not file a reply. Plaintiff's Motion is ripe for review.

## **STANDARD**

A preliminary injunction "protect[s] the status quo . . . to prevent irreparable harm during the pendency of a lawsuit ultimately to preserve the court's ability to render a meaningful judgment on the merits." *In re Microsoft Corp. Antitrust Litigation*, 333 F.3d 517, 525 (4th Cir. 2003) (abrogated on other grounds by *eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006)). A preliminary injunction is "an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Such relief regarding the administration of a state prison should be granted only in compelling circumstances. *See Taylor v. Freeman*, 34 F.3d 266, 269 (4th Cir. 1994). Moreover, the United States Court of Appeals for the Fourth Circuit has long recognized the "wide ranging deference" that the judiciary must show prison administrators with regard to matters within their discretion. *See Wetzel v. Edwards*, 635 F.2d 283, 288 (4th Cir. 1980) (discussing the complexities of running a penal institution and the reluctance of federal courts to interfere in the problems of prison administration).

To obtain a TRO or a preliminary injunction, the moving party must show the following:

(1)     He is likely to succeed on the merits;

(2)     He is likely to suffer irreparable harm in the absence of preliminary relief;

(3)     The balance of equities tips in his favor; and

(4)     An injunction is in the public interest.

3

*Id.* at 20; *see also Di Biase v. SPX Corp.*, 872 F.3d 224, 230 (4th Cir. 2017) (stating the moving party must "clearly establish[ ]" entitlement to the injunction he wants).

Because Plaintiff is representing himself, this standard must be applied while liberally construing his filings in this case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## **DISCUSSION**

Plaintiff seeks a preliminary injunction and TRO against Defendants "from housing Plaintiff at Perry Correctional Institution" because it is "the only lock-up in SCDC without bedframes or concrete beds at 5 inch height . . . which is causing even worse harm to the Plaintiff." (Dkt. No. 26 at 2.) In related filings, Plaintiff further alleges that: (1) he has been denied access to the law library; (2) his legal work has been confiscated for "5-7 hours" on more than three occasions; and (3) staff has threated to poison his food and Plaintiff found a worm in his food. (Dkt. Nos. 26 at 3; 37.)

In response to Plaintiff's motion, Defendants have submitted an affidavit from Daniel Harouff, a Deputy Warden at Perry. Harouff avers that on August 12, 2022, he "presented Plaintiff with an opportunity to move to a cell in a less restrictive wing at PCI . . . [that] would allow him to be placed in a cell with a steel frame bed." (Dkt. No. 36-1 at 1.) According to Harouff, Plaintiff chose to remain in his cell with a concrete bed "so that he, like other inmates housed in the same dormitory of the RHU at PCI, could maintain a lawsuit against SCDC based upon the conditions of confinement."[1] (*Id.* at 2.) Defendants dispute that a preliminary injunction or TRO is necessary. (Dkt. No. 36.)

Upon review, the Court finds that Plaintiff has failed to make the required showing under *Winter*. First, Plaintiff has failed to demonstrate a likelihood of success on the merits of his claims

---

[1] Defendants assert "this case contains substantially similar claims to those asserted by other inmates before Plaintiff filed this case," citing *Green v. Stirling, et al.*, Case No. 2:22-cv-02552-BHH-MGB. (Dkt. No. 36 at 3.)

for injunctive relief. At this time, Plaintiff's claims for conditions of confinement and deliberate indifference to a medical need rest largely on his unsubstantiated allegations. "The Court cannot issue such injunctions or restraining orders based on such unsubstantiated claims, which Plaintiff will be able to fully litigate and have resolved in his underlying action." *Page v. Padula*, No. 9:09-cv-0952-HFF-BM, 2009 WL 3332991, at *2 (D.S.C. Oct. 15, 2009), *as amended* (Oct. 19, 2009) (denying TRO motion because "Plaintiff makes only general and conclusory allegations in his motion with respect to purported violations of his constitutional rights regarding the conditions of his confinement"); *see also Di Biase*, 872 F.3d at 230 (stating the moving party must "clearly establish[ ]" entitlement to the injunction he wants).

Plaintiff's remaining conclusory allegations also do not establish constitutional violations. Plaintiff does not allege any injury resulting from the alleged restricted access to the law library and temporary confiscation of his legal work. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996) (holding that an inmate alleging denial of access to the courts must be able to demonstrate "actual injury" caused by the policy or procedure in effect at the place of incarceration in that his non-frivolous legal claim had been frustrated or was being impeded). Further, there is no evidence to support Plaintiff's allegations concerning his food. The undersigned cannot find Plaintiff is likely to succeed on the merits of any constitutional claims arising from these allegations where the record contains no evidence on these issues.

Next, Plaintiff has failed to make a clear showing that he will suffer irreparable harm absent the injunctive relief. As discussed above, the record shows Plaintiff has refused the offer to move to a less restrictive wing at Perry, which would allow Plaintiff to be placed in a cell with a steel frame bed. (Dkt. No. 36-1 at 1–2.) Further, Plaintiff has offered no evidence to support his remaining conclusory allegations.

Finally, Plaintiff has failed to establish that the balance of equities tips in his favor, and he has failed to show that an injunction is in the public interest. As the Fourth Circuit explained in *Wetzel v. Edwards*:

> The realities of running a penal institution are complex and unique to the prison environment. Federal courts have traditionally been reluctant to interfere in the problems of prison administration. Indeed, the decisions made by prison administrators in their informed discretion have been accorded "wide-ranging deference" by the federal courts. . . . *Furthermore, federal courts have an additional reason to show deference to the decisions of prison authorities, where a state penal institution is involved. Procunier v. Martinez, [416 U.S. 396 (1974)]*. The possible injury to the defendant-appellants if the preliminary injunction stands is potentially grave. The informed discretion of these penological experts could be radically limited with respect to inmate transfers specifically and, more importantly, with respect to prison discipline in general.

635 F.2d 283, 288 (4th Cir. 1980) (emphasis added).

Granting an injunction to transfer Plaintiff to a different SCDC institution would require reversing prison administrators' decisions regarding Plaintiff's prison assignment. The undersigned cannot conclude that the public interest would be best served by mandating such extraordinary relief where the record contains only the Plaintiff's allegations and no evidence.

As Plaintiff has not demonstrated a likelihood of success on the merits or more than a possibility of irreparable harm, and because the balance of the equities and the public interest involved do not warrant the extraordinary remedy of injunctive relief, Plaintiff's motion should be denied.

## **CONCLUSION**

For the foregoing reasons, this Court recommends that Plaintiff's Motion for a Preliminary Injunction and TRO  (Dkt. No. 26) be **DENIED**.

**IT IS SO RECOMMENDED.**

January 9, 2023
Charleston, South Carolina

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).