IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Patterson, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:22-cv-3183-BHH |
| v. ) | |
| ) | **ORDER** |
| Bryan Stirling, Charles Williams, ) | |
| John Palmer, Amy Enloe, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Michael Patterson ("Plaintiff") originally filed this pro se action in the Greenville County Court of Common Pleas, alleging claims pursuant to 42 U.S.C. § 1983 and the South Carolina Tort Claims Act ("SCTCA"), S.C. Code Ann. §§ 15-78-10, *et seq.*, (ECF No. 1-1.) On September 19, 2022, Defendants removed the action to this Court, and on May 12, 2023, Defendants filed a motion for summary judgment. (ECF No. 70.) In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary determinations.

On October 26, 2023, the Magistrate Judge issued a report and recommendation ("Report"), outlining the issues and recommending that the Court grant Defendants' motion for summary judgment as to Plaintiff's federal claims and dismiss those claims with prejudice. The Magistrate Judge further recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and instead remand those claims to the Greenville County Court of Common Pleas. (ECF No. 84.)

Attached to the Magistrate Judge's Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a

copy. Defendants filed objections on October 19, 2023, and Plaintiff filed untimely objections on October 31, 2023. (*See* ECF Nos. 87 and 90.) Plaintiff also filed a motion for the appointment of counsel, to which Defendants responded in opposition. (*See* ECF Nos. 86 and 88.)

## **STANDARDS OF REVIEW**

### I.  **Summary Judgment**

A court shall grant summary judgment if a party shows that there is no genuine dispute as to any material fact and the party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The judge is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123 24 (4th Cir. 1990).

### II.  **The Magistrate Judge's Report**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole

or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## **DISCUSSION**

As an initial matter, the Magistrate Judge's Report thoroughly outlines the relevant factual background, and no party objects to this portion of her Report. After review, the Court finds no error and adopts this portion of the Magistrate Judge's Report without further discussion, repeating herein only the facts necessary to consider the parties' objections.

As the Magistrate Judge explained, Plaintiff's claims arise out of events that occurred when he was an inmate housed at Perry Correctional Institution. Specifically, Plaintiff alleges that Defendants were grossly negligent under the SCTCA and that Defendants violated his Eighth Amendment rights by showing deliberate indifference to prison conditions and deliberate indifference to serious medical needs.

In January of 2023, the undersigned filed an order and opinion adopting a prior Report filed by the Magistrate Judge. (ECF No. 45.) Specifically, the Court granted Defendants' prior motion to dismiss as to Plaintiff's claims against Defendant Stirling under 42 U.S.C. § 1983 and state law, as well as to Plaintiff's claims against Defendant Enloe for deliberate indifference to Plaintiff's conditions of confinement. However, the Court denied

Defendants' motion to dismiss as to Plaintiff's § 1983 claims for deliberate indifference to a serious medical need and deliberate indifference to conditions of confinement against Defendants Palmer and Williams, and denied the motion as to Plaintiff's claims against Defendants Enloe, Williams, and Palmer under South Carolina law.  The Court also denied Plaintiff's motion to remand.

In their instant motion for summary judgment, Defendants argue: (1) Plaintiff has failed to establish any of his § 1983 conditions of confinement claims against Defendants Williams and Palmer; (2) Plaintiff has failed to establish any of his § 1983 claims for deliberate indifference to a serious medical need against Defendants Williams, Palmer, and Enloe; (3) Defendants are entitled to qualified immunity as to any § 1983 claims; and (4) Plaintiff's gross negligence claim fails as a matter of law.  (ECF No. 70-1.)

After considering the parties' arguments and thoroughly reviewing the evidence of record in light of the applicable law, the Magistrate Judge agreed with Defendants that: (1) Palmer and Williams are entitled to summary judgment on Plaintiff's § 1983 claim for deliberate indifference to conditions of confinement; and (2) William, Palmer, and Enloe are entitled to summary judgment as to Plaintiff's § 1983 claim for deliberate indifference to a serious medical need.  Because the Magistrate Judge found no genuine issues of material fact as to Plaintiff's federal claims against Defendants, the Magistrate Judge declined to address Defendants' qualified immunity argument.  Lastly, having recommended that the Court grant summary judgment as to all of Plaintiff's federal claims, the Magistrate Judge also recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

In their objections to the Report, Defendants do not object the Magistrate Judge's

recommendation that the Court grant their motion for summary judgment as to Plaintiff's § 1983 claims. In fact, Defendants' sole objection is to the Magistrate Judge's recommendation that the Court decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. (ECF No. 87 at 1.) According to Defendants, the Court should exercise supplemental jurisdiction over Plaintiff's remaining state law claims because Defendants have expended considerable resources litigating the case and remanding it to state court would require both parties to duplicate these efforts and incur additional unnecessary costs. (*Id.* at 4-5.) Defendants further point out that adjudication in state court will extend this litigation whereas this Court is already familiar with the facts.

In his untimely objections to the Report, which the Court nevertheless considers in the interest of fairness, Plaintiff also does not specifically object to the Magistrate Judge's recommendations as to Plaintiff's § 1983 claims. However, Plaintiff does appear to object to the Magistrate Judge's recommendation that the Court decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. (*See* ECF No. 90 at 1 ("Plaintiff made a motion to remand to stay in state court, at that time Plaintiff's motion was denied, so why at this point would Plaintiff's case be moved back to state court.").)

After review of the parties' objections and the applicable law, the Court finds no clear error in the Magistrate Judge's findings and recommendations pertaining to Plaintiff's § 1983 claims. Indeed, even after *de novo* review, the Court fully agrees with the Magistrate Judge's thorough analysis and finds that Defendants are entitled to summary judgment on Plaintiff's state law claims. Accordingly, the Court adopts the Magistrate Judge's findings and recommendations as to Plaintiff's § 1983 claims.

Next, as to the Magistrate Judge's recommendation that the Court decline to

exercise supplemental jurisdiction over Plaintiff's remaining state law claim for gross negligence, the Court has thoroughly considered the parties' arguments but nevertheless finds it appropriate to decline to exercise supplemental jurisdiction over the remaining state law claims.

Pursuant to 28 U.S.C. § 1367(c)(3), "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if— . . . (3) the district court has dismissed all claims over which it has original jurisdiction. . . ." 28 U.S.C. § 1367(c)(3). Indeed, "[o]nce a district court has dismissed the federal claims in an action, it maintains 'wide discretion' to dismiss the supplemental state law claims over which it properly has supplemental jurisdiction." *Yashenko v. Harrah's NC Casino Co., LLC*, 446 F.3d 541, 553 n. 4 (4th Cir. 2006) (citing *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 353-54 (1988)). In exercising such discretion, a district court must consider "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995) (citing *Cohill*, 484 U.S. at 350 n. 7).

Here, the Court notes that, unlike in two cases relied on by Defendants, *Brailsford v. Wateree Comm. Action, Inc.*, 135 F. Supp. 3d 433, 438 (D.S.C. 2015), and *Talamantes v. Berkeley County Sch. Dist.*, 340 F. Supp. 2d 684 (D.S.C. 2004), Plaintiff initially filed this action in state court and only arrived in federal court due to Defendants' removal. Additionally, it does not appear to the Court that convenience or fairness to the parties will suffer if the Court remands the remaining state law claims, which do not implicate federal policy, to state court. Finally, the Court notes that although this Court has now considered and rendered judgment on Plaintiff's federal claims, either this Court or the state court will

6

be required to consider Plaintiff's state law claims in the first instance. Thus, the Court finds nothing in this case to suggest that it should deviate from the general principal recognized by the Supreme Court in *Cohill*. Therefore, the Court exercises its wide discretion and remands Plaintiff's state law claims to state court.

Finally, and particularly in light of the foregoing, the Court finds no exceptional circumstances to warrant the appointment of counsel in this case. *See Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Accordingly, the Court denies Plaintiff's motion for the appointment of counsel. (ECF No. 86.)

## **CONCLUSION**

Based on the foregoing, the Court overrules both Defendants' and Plaintiff's objections (ECF Nos. 87 and 90), and the Court adopts and specifically incorporates the Magistrate Judge's Report (ECF No. 84). Accordingly, the Court grants Defendants' motion for summary judgment as to Plaintiff's federal claims and dismisses those claims with prejudice. The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and remands the matter to the Greenville County Court of Common Pleas. Lastly, the Court denies Plaintiff's motion for the appointment of counsel (ECF No. 86).

**IT IS SO ORDERED.**

s/Bruce H. Hendricks
United States District Judge

February 15, 2024
Charleston, South Carolina